IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT MASSARI, | ) | Case No: 1:24-cv-2153 |
| on behalf of himself | ) | |
| and similarly situated employees, | ) | |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| a wholly owned subsidiary of | ) | |
| GLOBAL LIFE, | ) | |
| | ) | |
| GLOBAL LIFE, | ) | |
| | ) | |
| VENA AGENCIES LLC, a division of | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, and | ) | |
| | ) | |
| TOMMY VENA, individually | ) | |
| and as CEO/OWNER of | ) | |
| VENA AGENGIES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### **CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Vincent Massari ("Massari" or "Plaintiff) through his undersigned counsel, individually and on behalf of all persons similarly situated employees, files this Class and Collective Action Complaint against Defendants American Income Life Insurance Company ( "AILIC"), a wholly owned subsidiary of GLOBAL LIFE; GLOBAL LIFE; VENA AGENCIES LLC, a division of AMERICAN INCOME LIFE INSURANCE COMPANY; and TOMMY VENA, individually and as CEO/Owner of VENA AGENCIES LLC, (collectively hereafter as "Defendants") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"),

1

29 U.S.C. §§ 201, *et seq.* and Illinois law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events that give rise to Plaintiff's claims occurred within this district, and Defendants do business in this district.

## PARTIES

4. Plaintiff, Vincent Massari, is an individual currently residing at 3029 Walton Road, Finleyville, Pennsylvania 15332. He worked for Defendants located at 150 Lake Dr. #150, Wexford, PA 15090, between approximately August 2018 through February 2020, and at 999 East Touhy Avenue, Suite 250, Des Plaines, Illinois 60018, between approximately February 2020 through June 2023. Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action. Plaintiff Massari's Consent to Join form is attached hereto as **Exhibit A.**

5. Defendant American Income Life Insurance Company, a wholly owned subsidiary of Global Life, ("AILIC") is an Indiana corporation and operates throughout the United States, including in this judicial district.

6. Defendant Global Life is a Texas corporation and operates throughout the United States, including in this judicial district.

7. Defendant Vena Agencies LLC, a division of American Income Life Insurance Company, is a Pennsylvania limited liability company and operates throughout the United States, including in this judicial district, at 999 East Touhy Avenue, Suite 250, Des Plaines, Illinois 60018.

8. Defendant Tommy Vena, individually, is the CEO/Owner of Vena Agencies LLC, a division of American Income Life Insurance Company, a Pennsylvania limited liability company, which operates throughout the United States, including in this judicial district. Defendant Tommy Vena is the registered agent for Vena Agencies, LLC, and he identifies a registered office in this judicial district at 999 East Touhy Avenue, Suite 250, Des Plaines, Illinois 60018.

9. AILIC is an insurance company registered with the National Association of Insurance Commissioners.

10. AILIC, as a subsidiary of Global Life, employed Plaintiff and similarly situated employees.

11. AILIC employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

12. AILIC's annual gross volume of business exceeds $500,000.

13. AILIC is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

**CLASS DEFINITIONS**

14. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

*All individuals who trained to become and/or worked as sales agents/insurance producers for American Income Life Insurance in the last three (3) years.*

15. Plaintiff also brings this lawsuit for Counts Three through Five as a class action pursuant to the Federal Rules of Civil Procedure 23, on behalf of himself and the following class referred to as the "Illinois Class":

*All individuals who trained to become and/or worked as sales agents/insurance producers for American Income Life Insurance in the last three (3) years.*

16. The FLSA Class and the Illinois Class are together referred to as the "Classes".

17. Plaintiff reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

18. AILIC employs members of the Classes throughout the United States.

19. From August 2018 through June 2023, Plaintiff Massari was employed as an insurance producer, selling insurance for AILIC.

20. Plaintiff Massari worked for AILIC located at 150 Lake Dr. #150, Wexford, PA 15090, between approximately August 2018 through February 2020, and at 999 East Touhy Avenue, Suite 250, Des Plaines, Illinois 60018, between approximately February 2020 through June 2023.

21. AILIC hires agents, who are paid on commission.

22. Upon hire, Defendants informed Plaintiff and similarly situated new hires that they would be classified as "independent contractors."

23. Upon hire, Defendants required Plaintiff and similarly situated new hires to attend training.

4

24. Training lasts at least several weeks and the agents work more than eight hours per day, and six or more days per week while training.

25. Since agents do not make sales while training, and their compensation is commission based, they do not earn money while training.

26. Plaintiff and similarly situated employees were not paid for their time spent in training.

27. Upon information and belief, Defendants had a verbal and/or written agreement with Plaintiff and similarly situated employees classifying them as independent contractors.

28. Plaintiff and similarly situated employees' relationship with Defendants followed the normal path of an employee, not an independent contractor.

29. Defendants regulate its agents' schedules, requiring off-site sales meetings with potential buyers to occur at certain times and days of the week as well as in-office sales meetings and calls to occur at certain times and days of the week.

30. Agents are not paid minimum wage nor overtime pay. They also do not receive regular meal and rest breaks and are not paid for missed breaks. Agents are also required to pay their own expenses incurred in the performance of their jobs.

31. Agents are discouraged from holding other jobs while working for Defendants.

32. Agents are not permitted to sell insurance products of any other company while working for Defendants.

33. Agents are not permitted to keep clients or sell other insurance products to customers of Defendants.

34. Defendants controlled the products Plaintiff and similarly situated employees were allowed to sell.

35. Defendants trained Plaintiff and similarly situated employees in Defendants' standard sales policies and practices and required Plaintiff and other employees to adhere to those policies and practices.

36. Plaintiff and similarly situated employees performed duties that were integral to Defendants' business, namely the sale of insurance policies.

37. Defendants did not negotiate distinct business agreements with each agent; rather, Defendants dictated standard terms for to all agents.

38. As a policy and practice, Defendants knowingly and intentionally misclassified agents as independent contractors, when they were, in fact, employees.

39. Defendants breached and thus violated its verbal and/or written agreement with Plaintiff and similarly situated employees when it misclassified them as independent contractors rather than employees.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class as defined above.

41. Plaintiff's desire to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

42. Plaintiff and the FLSA Class are similarly situated as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to Defendants' previously described common business practices and, as a result, were not paid their full amounts of legally mandated overtime premium for hours worked over forty hours during the workweek.

43. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be

readily notified of this action through direct U.S. mail and/or other appropriate means, as allowed to opt into it pursuant to 29 U.S.C. § 216(B) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, and attorney's fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

44. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Illinois Class described above.

45. The members of the Illinois Class are so numerous that joinder of all members is impracticable.

46. Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class because there is no conflict between the claims of Plaintiff and those of the Illinois Class, and Plaintiff's claims are typical of the claims of the Illinois Class. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases, like this one.

47. There are questions of law and fact common to the proposed Illinois Class, which predominate over any questions affective on individual Class members, including whether Defendants violated and continue to violate Illinois law through its policy or practice of not paying proper wages to its employees.

48. Plaintiff's claims are typical of the claims of the Illinois Class in the following ways: 1) Plaintiff is a member of the Illinois Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Illinois Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the Illinois Class and involve similar factual circumstances.; 4) there are no conflicts between the interests of the

Plaintiff and the Illinois Class members; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by the Illinois Class members.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Class predominate over any questions affecting only individual Class members.

50. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication or effort and expense that numerous individual actions would entail.

51. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Illinois Class is readily identifiable from Defendant's employment records. Prosecution of separate actions by individual members of the Illinois Class would create the risk of inconsistent or varying adjudications with respect to the individual Class members that would establish incompatible standards of conduct for Defendant.

52. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. The amounts at stake for the Defendant's employees, while significant, are not great enough to maintain separate suits against Defendant.

53. Without a class action, Defendant would retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Illinois Class. Plaintiff envisions no difficulty in the management of this case as a class action.

8

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME

54. All previous paragraphs are incorporated as though fully set forth herein.

55. At all times relevant to this Complaint, Defendants were an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.2.

56. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

57. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

58. Plaintiff and the proposed Collective members are not exempt from the applicable provisions of the FLSA.

59. At all times relevant to this Complaint, Defendants "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

60. The FLSA requires an employer to pay all employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

61. Plaintiff regularly worked over 40 hours per week while employed by Defendants.

62. Defendants violated the FLSA by failing to pay Plaintiff overtime compensation, at the rate of one and one-half times his regular hourly rate, for all hours worked in excess of 40 hours per workweek.

9

63. Defendants' violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements, as demonstrated by their failure to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per week.

64. As a result of the foregoing, Plaintiff was injured and seeks appropriate relief against Defendants including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate in the circumstances.

## COUNT II
## VIOLATION OF 29 C.F.R. § 516, *et seq.*
## FAILURE TO MAINTAIN REQUIRED RECORDS

65. All previous paragraphs are incorporated as though fully set forth herein.

66. 29 C.F.R. § 516.1 subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records.

67. The FLSA requires all employers to keep all payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). See 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

68. As Plaintiff's employer, Defendants were subject to the FLSA's record keeping requirements.

69. Defendants' obligation was to maintain and preserve payroll or other records containing, without limitations, the total hours worked by each employee each workday and total hours worked by each employee each workweek. 29 C.F.R. § 516.2.

70. Upon information and belief, Defendants maintained corporate policies and/or practices of evading pay for its hourly employees by altering their time records and pay periods and failing to accurately record Plaintiff's hours worked.

71. Defendants failed to maintain and preserve accurate timesheets and payroll records as required by 29 C.F.R. § 516.2.

72. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate…an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

58. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with…the Act." *Id.*

59. As a result of the Defendants' recordkeeping violations, Plaintiff seeks a declaratory judgment and order that the *Anderson* burden-shifting framework applies in this case, along with all other relief just and appropriate in the circumstances.

## COUNT III
## VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW

60. All previous paragraphs are incorporated as though fully set forth therein.

11

61. The Illinois Minimum Wage Law ("IMWL") requires that covered employees be compensated at a rate not less than the standard rate.

62. The Illinois Minimum Wage Law requires that covered employees be compensated for all hours worked over forty hours in a workweek at a rate not less than one and one-half times the regular rate at which he or she is employed. *See* 820 Ill. Comp. Stat. Ann. 105/4a.

63. As described above, Plaintiff and Illinois Class were subject to Defendants' practice of not paying employees for all hours worked, including overtime.

64. Plaintiff and Illinois Class were not properly compensated for hours worked at a rate equal to or above Illinois' minimum wage.

65. Additionally, Plaintiff and Illinois Class were not properly compensated for hours worked in excess of forty (40) hours per workweek.

66. Plaintiff and Illinois Class were non-exempt employees.

67. Defendants violated the Illinois Minimum Wage Law to the detriment of Plaintiff and the Illinois Class.

## COUNT IV
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

68. All previous paragraphs are incorporated as though fully set forth therein.

69. The Illinois Wage Payment and Collection Act requires that an employer pay all wages due to its employees. *See* 820 Ill. Comp. Stat. Ann. 115/3 ("Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period.").

70. Defendants have intentionally failed to pay wages due to employees for:

a. Purposefully failing to pay employees for the true and correct number of hours they have worked; and

b.	Failing to pay employees minimum wage and all other wages due.

71.	Pursuant to the Illinois Wage Payment and Collection Act, employers, such as the Defendants, who intentionally fail to pay an employee wages in conformance with the Illinois Wage Payment and Collection Act shall be liable to the employee for the wages or expenses that were intentionally not paid, damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, court costs and reasonable attorneys' fees incurred in recovering the unpaid wages. 820 Ill. Comp. Stat. Ann. 115/14.

72.	Defendants do not have written authorization from Plaintiff or Illinois Class Members to withhold, divert, or deduct any portion of his or her wages that concern this action.

73.	Defendants violated Illinois law by failing to pay Plaintiff and the Illinois Class for all compensable time and by failing to pay plaintiff and the Illinois Class for work time, including overtime, at the established rate.

## COUNT V
## UNJUST ENRICHMENT

74.	All previous paragraphs are incorporated as though fully set forth herein.

75.	Defendants have received and benefitted from the uncompensated labors of Plaintiff and Illinois Class, such that to retain such benefit without compensation would be inequitable and unjustly enrich the Defendants.

76.	At all times relevant hereto, Defendants, devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and Illinois Class without paying total compensation and overtime for hours worked.

77. Contrary to good faith and fair dealing, Defendants induced Plaintiff and the Illinois Class to perform work while failing to pay overtime and/or minimum wage compensation for all hours worked as required by law.

78. By reason of having secured the work and efforts of Plaintiff and the Illinois Class without paying overtime and full compensation as required by law, Defendants enjoyed reduced labor costs and consequentially additional earnings and profit to its own benefit.

79. Therefore, Plaintiff and the Illinois Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests an order for relief as follows:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order compelling Defendants to provide a full list of all current and former employees for the last three (3) years.

C. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Class members;

D. An order permitting this litigation to proceed as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of the Illinois Class;

E. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the law;

G. Treble damages and compulsory interest of 5% of the underpayment for each month that the underpayment of wages persisted per the requirements of the IMWL, pursuant to 820 ILCS 105/12a, and/or to the fullest extent permitted under the law;

H. Litigation costs, expenses, and reasonable attorneys' fees to the fullest extent permitted under the law;

I. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Massari, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled case.

Respectfully Submitted,

*/s/ Timothy M. Nolan*
Timothy M. Nolan, Esq.
**NOLAN LAW OFFICE**
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 322-1100
tnolan@nolanwagelaw.com

*Counsel for Plaintiff*

*/s/ Rachel E. Lutz*
Kenneth J. Hardin II, Esq.
Rachel E. Lutz, Esq.
HARDIN THOMPSON, P.C.
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, PA 15219
(412) 315-7195
rlutz@hardinlawpc.net

**PRO HAC VICE PENDING**